Matter of Rahman (2022 NY Slip Op 06439)

Matter of Rahman

2022 NY Slip Op 06439

Decided on November 15, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Cynthia S. Kern
Ellen Gesmer
Manuel J. Mendez
Martin Shulman, JJ.

Motion No. 2022-02859 Case No. 2022-03129 

[*1]In the Matter of Urooj Rahman, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Urooj Rahman, (OCA Atty. Reg. No. 5713409), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 12, 2019.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Denice Szekely, Esq., of counsel), for petitioner.
John B. Harris, Esq., for respondent.

Per Curiam 

Respondent Urooj Rahman was admitted to the practice of law in the State of New York by the Second Judicial Department on June 12, 2019. The Attorney Grievance Committee (AGC) for the Second Department consented to transferring jurisdiction for respondent's matter to the AGC for the First Department in order that her matter be heard together with that of Colinford King Mattis.
On June 2, 2022, respondent entered a guilty plea to a superseding federal information which charged her and Mattis with conspiracy to commit arson and to make and possess an unregistered destructive device in violation of 18 USC §§ 371 and 844(i) and 26 USC §§ 5861(d) and 5861(f). Her conviction was based on an incident in which she and Mattis made and possessed an improvised incendiary device, i.e., a Molotov cocktail, which was used to damage an unoccupied New York City police vehicle during a 2020 protest over the death of George Floyd.
By notice of motion dated July 21, 2022, the AGC seeks an order striking Rahman's name from the roll of attorneys pursuant to Judicial Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12, on the ground that respondent was convicted of a felony as defined by Judiciary Law § 90(4)(e) and has therefore been automatically disbarred. It should be noted that for purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (see Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]), not at sentencing.
Respondent was convicted on federal charges "essentially similar" to one or more felony offenses as defined under New York Law so as to result in her automatic disbarment (Judiciary Law § 90[4][a]). Respondent's federal conviction for conspiracy to maliciously damage or destroy, or attempt to damage or destroy by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce in violation of 18 USC §§ 371 and 844(i) is "essentially similar," in language and elements, to conspiracy in the fourth degree, a class E felony in violation of Penal Law § 105.10(1), to commit arson in the third degree, a class C felony in violation of Penal law § 150.10(1). Indeed, in her plea agreement, respondent stipulated and agreed that her federal conviction was "essentially similar" to one or more felony offenses defined under New York law, including conspiracy to commit arson in the third degree, and that "even though the likely consequence of [her] guilty plea will be automatic disbarment from the practice of law in the State of New York," she nevertheless wished to plead guilty.
We reject respondent's request to make her disbarment effective to the date of her arrest and detention, or, alternatively, the date of her first guilty plea. Contrary to counsel's assertion, the effective date of disbarment does not rest in the discretion of the [*2]Court. "[T]he statutory language of Judiciary Law § 90(4)(a) clearly provides that automatic disbarment is self-executing and occurs at the time of conviction of a felony" (Matter of Reich, 206 AD3d 22, 24 [1st Dept 2022]). Furthermore, since respondent withdrew her first guilty plea and then entered a second guilty plea to lesser offenses that form the basis of this motion to disbar, the effective date of disbarment should be June 2, 2022, the date of her conviction.
Accordingly, the AGC's motion to disbar should be granted and respondent's name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to June 2, 2022.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to strike the name of the respondent, Urooj Rahman, from the roll of attorney's and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12 (c)(1), the respondent, Urooj Rahman, is disbarred, effective nunc pro tunc to June 2, 2022, and her name is stricken from the roll of attorneys and counselors-at-law; and,
IT IS FURTHER ORDERED that the respondent, Urooj Rahman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and,
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Urooj Rahman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that if the respondent, Urooj Rahman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: November 15, 2022